UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TANIA STAMP,

                Plaintiff,                        **COMPLAINT**

        -against-                         Docket No.: 22-7325

SYOSSET CENTRAL SCHOOL DISTRICT,            Jury Trial Demanded

                Defendant.
------------------------------------------------------------------------X

Plaintiff, TANIA STAMP, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1981 to redress race discrimination against Plaintiff in the terms, conditions, and privileges of her employment, and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. At all times hereinafter mentioned, Plaintiff Tania Stamp ("Stamp") was and still is a resident of the County of Nassau, State of New York.

5. Defendant, Syosset Central School District ("Syosset"), was and still is a municipal entity located at 99 Pell Lane, Syosset, New York 11791.

## FACTS

6. Stamp is a black, African American woman.

7. In or about late 2011 or early 2012, Stamp was hired by Syosset as a teacher's aide, LPN, working as a special aide for special education students.

8. At the time she was hired, Stamp was hired at a lower starting salary than other similarly situated coworkers who were not black.

9. During the course of her employment with Syosset, Stamp performed her job in a satisfactory manner.

10. During her employment, Jeffrey Kasper was among the principals for whom Plaintiff was assigned.

11. On one occasion, Kasper approached Plaintiff while she was arriving for an after-school program and, while in front of two secretaries, questioned how someone like Plaintiff could drive a Mercedes and afford it.   Plaintiff perceived this question to be how she, as a black woman, could afford such a car.   Moreover, Plaintiff never

      witnessed Kasper questioning how her similarly situated white coworkers could afford their cars or personal belongings.

12. Kasper also, throughout Stamp's time with Defendant, would ask her other race related questions that she felt were highly inappropriate, including asking her if she ironed her hair or if it was a wig, because he did not know her hair could look the way it looked.

13. Moreover, in or around October 2017, Stamp was present when two female teachers commented about Stamp that they didn't think they hired "those people" for more than cleaners or the occasional lunch aide.

14. Such inappropriate comments were consistent and commonplace during the time that Stamp worked within the District, up until her going out on a leave of absence.

15. Additionally, on or about May 3, 2018, Plaintiff had a note left in her mailbox stating "we know affirmative action got you this job, but the year is coming to an end, so make sure you put in for a transfer because we don't want you back here!!"

16. Plaintiff also had someone come into the classroom and state "yo, what up jigaboo."

17. Plaintiff complained to Jeannette Perrotta, HR, about the letter and the discriminatory conduct to which she was being subjected, in or around May 2018, but the conduct did not cease.

18. Comments such as the ones outlined above occurred throughout Plaintiff's employment, up to the time of her leave of absence.

19. Plaintiff began an unpaid leave of absence in December 2018 due to panic attacks and anxiety she experienced as a byproduct of the discrimination to which she was subjected.

20. Notwithstanding the fact that Stamp has since been cleared to return to work, since before November 2019, Defendant has not returned her to work, effectively terminating her employment in retaliation for her complaints of discrimination.

21. Based on the foregoing, Stamp has been subjected to adverse employment actions, a hostile work environment, and/or an atmosphere of adverse employment actions by Defendant due to her race and/or in retaliation for her prior complaints of discrimination in violation of her rights.

## CLAIMS FOR RELIEF

22. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her sex/gender and/or in retaliation for her opposition to discriminatory practices. Defendant's actions are in violation of 42 U.S.C. § 1981, as they were motivated by Plaintiff's race/color.

22. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for all compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, injunctive relief, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.   Plaintiff demands a trial by jury.

Dated: Long Island City, New York
November 28, 2022

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
24-11 41st Avenue, Second Floor
Long Island City, New York 10001
(347) 464-8694


_____/s_____
THOMAS RICOTTA (TR-1900)